UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARVIN LEE TURNER,

    Plaintiff,

vs.                                                                CASE NO. 3:11-cv-268-J-32TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's complaint (Doc. #1). Plaintiff seeks review of the final decision of the Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has authority to conduct the requested review. 42 U.S.C. § 405(g).

Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #13). Defendant filed a brief in support of the decision denying disability benefits (Doc. #14). The Commissioner has filed the transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). The parties did not consent to the exercise of jurisdiction by a magistrate judge, but the case has been referred to the undersigned for a report and recommendation.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

The Court has reviewed the record and has given it due consideration in its entirety, including the arguments presented by the parties in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the Court found that the issues raised by Plaintiff were fully briefed and concluded that oral argument would not benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the undersigned recommends that the Commissioner's decision be **AFFIRMED**.

## I. Procedural History

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income in which he alleged an onset date of January 1, 2008, at age 40 (Tr. 134-39, 150). Plaintiff's applications were denied initially and upon reconsideration (Tr. 68-75, 85-86). Plaintiff requested an administrative hearing, which was held on November 3, 2009 in Jacksonville, Florida (Tr. 22-61). Administrative Law Judge ("ALJ") Stephen C. Calvarese issued a decision denying Plaintiff's applications on December 3, 2009 (Tr. 5-17). Plaintiff filed a request for review, which the Appeals Council denied on January 31, 2011 (Tr. 1-4). Plaintiff filed the instant action in federal court on March 16, 2011 (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining

whether a plaintiff is disabled and therefore entitled to benefits.[2] *See* 20 C.F.R. §§ 404.1520, 416.920[3]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In the instant case, the ALJ found that Plaintiff met the Social Security Act's insured status requirements through December 31, 2008 (Tr. 8, 10). At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2008, the beginning of the time period under consideration (Tr. 10). At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Low Back Pain, Osteoarthritis, Atypical Chest Pain, and Status Post Bilateral Wrist Fusions" (Tr. 10). Additionally, the ALJ noted Plaintiff's obesity and medically determinable mental impairment of depression but found that neither significantly limited his ability to work or perform activities of daily living (Tr. 10-11). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12). At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") "to

---

[2] First, if a claimant is engaging in substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from performing his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[3] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition. As the regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and disability insurance benefits.

perform medium work" because Plaintiff "is able to lift and carry 25 pounds frequently and 50 pounds occasionally. He is able to stand, walk [and/or] sit for six hours out of an eight hour workday with normal breaks. He must avoid concentrated exposure to machinery and heights. He has an [eighth] grade education with fair reading and writing skills." (Tr. 12). Considering this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work as a "Tile Setter, Sprayer Operator, and Auto Mechanic" (Tr. 15). At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including kitchen helper, custodian, parking lot cashier, and cafeteria attendant (Tr. 16). Therefore, the ALJ found that Plaintiff was not under a disability since January 1, 2008, the alleged onset date (Tr. 17).

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and

4

even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## IV. Analysis

Plaintiff presents five issues in his appeal, but the Court determines that Plaintiff is actually making only four arguments. Plaintiff contends that the ALJ (1) improperly assessed Plaintiff's credibility, (2) failed to develop the record, (3) disregarded the treating physician rule, and (4) inadequately considered Plaintiff's impairments in combination. The Court will address each argument in turn.

### A. The ALJ's Assessment of Plaintiff's Credibility

Plaintiff first challenges the ALJ's credibility assessment. In performing this assessment, the ALJ first determines whether the claimant suffers from an underlying medical impairment that could reasonably be expected to cause the alleged symptoms. 20 C.F.R. § 404.1529(b). If so, the ALJ considers the objective medical evidence and other evidence of symptoms, including (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication taken to alleviate the symptoms; (5) treatment to relieve the symptoms, other than medication; (6) any measures the claimant has used to relieve the symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions relating to the symptoms. 20 C.F.R. § 404.1529(c)(3).

The ALJ must evaluate the claimant's statements about the intensity, persistence, and limiting effects of his symptoms in light of the objective medical evidence and any other evidence. 20 C.F.R. § 404.1529(c)(4). The ALJ must consider whether there are any inconsistencies within the claimant's statements or conflicts between the claimant's statements and the evidence. 20 C.F.R. § 404.1529(c)(4). When the claimant's

statements are internally consistent and consistent with the evidence, there is a strong indication that the claimant is credible. Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *5-*6. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id*. at *4.

Plaintiff argues that the ALJ's credibility assessment was flawed because the ALJ failed to give specific and valid reasons for finding that Plaintiff's testimony of disabling pain was not fully credible. Plaintiff argues that the ALJ failed to consider all of the factors relevant to his symptoms and incorrectly stated that Plaintiff was taking only over-the-counter pain medication while the record indicated that Plaintiff had a prescription for Percocet. Defendant acknowledges that the ALJ neglected to refer to Plaintiff's Percocet, but Defendant argues that this omission constituted harmless error. Defendant cites numerous portions of the ALJ's decision showing that the ALJ considered the factors relevant to Plaintiff's symptoms and gave specific, valid reasons for the credibility finding.

The Court determines that the ALJ properly considered the objective medical evidence and the inconsistencies between that evidence and Plaintiff's testimony. Plaintiff complained of hand pain on May 16, 2008, but a radiological examination revealed "[n]o evidence of an acute fracture or dislocation" (Tr. 208). Dr. Eftim Adhami conducted a medical evaluation of Plaintiff on June 21, 2008, noting that Plaintiff had fully functional fingers and was able "to pick up small objects and button clothes," but Plaintiff testified before the ALJ that it was difficult for him to perform those tasks (Tr. 31, 218). Radiological examinations on July 24 and August 19, 2008 revealed no evidence of disc herniation in

7

Plaintiff's spine (Tr. 242-45, 259-61). On August 5, 2008, Plaintiff's primary care physician, Dr. Carl Eason, noted that Plaintiff's hypertension and sleep apnea were well controlled and that x-rays of Plaintiff's shoulder and knee "show no aberration of the bony tissues" (Tr. 232). Dr. Eason also noted that Plaintiff "works during the day, repetitive motion, working with a ratchet or wrench" and that as a result "he begins to get arm weakness very, very quickly" (Tr. 232). It is clearly inconsistent for Plaintiff to claim in this case that he could not work beginning on January 1, 2008 and to tell Dr. Eason on August 5, 2008 that he was working at that time.

On September 2, 2008, Dr. Eason explained that magnetic resonance imaging (MRI) of Plaintiff's spine showed "no evidence of any nerve compression or spinal stenosis" and that x-rays of his knees showed only "mild arthritic changes" (Tr. 230). Dr. Eason also reported that Plaintiff fractured his left foot in a jet ski accident, which occurred on August 31, 2008 (Tr. 230, 251-55). Plaintiff's use of a jet ski is obviously inconsistent with his claim that he was unable to work due to disability. On December 1, 2008, Dr. Eason indicated that Plaintiff's "osteoarthritis and myalgia [appear] to be stable on current medications" (Tr. 229).

On December 29, 2008, Plaintiff attempted suicide by overdosing on prescription medication. After a one-day hospitalization, he was prescribed Celexa and discharged (Tr. 285-86). Although he was advised to follow up with a mental health professional, he failed to do so, claiming that he could not afford it (Tr. 41-42). On January 14, 2009, Dr. Eason noted that Plaintiff "certainly does not appear to be suicidal. He is obviously somewhat upset but he says that Celexa is doing quite a good job at keeping him cool" (Tr. 361). On February 23, 2009, Dr. Eason explained that Plaintiff "continues to get some decrease in

overall musculoskeletal pain with use of Plaquenil" (Tr. 359). On April 29, 2009, Dr. Eason indicated that Plaintiff was continuing to take Celexa, "which is working fairly well as an antidepressant alone in decreasing his anxiety" (Tr. 356).

The record also contains two residual functional capacity assessments (Tr. 221-28, 271-78). On July 3, 2008, Dr. Faith Harvey found that Plaintiff's impairments "do not significantly affect function. . . . [H]is reported limitations are not consistent with the medical findings. He reports severe limitations with doing household tasks, home maintenance, social activities, driving, shopping and laundry; however, the physical exam indicates relatively little functional loss [and he] is not credible given the lack of medical findings" (Tr. 226). On January 7, 2009, Dr. Nicolas Bancks made findings similar to Dr. Harvey's, noting that Plaintiff exhibited "excellent function" (Tr. 276).

All of this medical evidence sharply contrasts with Plaintiff's testimony and his written questionnaire completed on June 2, 2008, in which he claimed that he could not perform most activities of daily living (Tr. 160-62). The ALJ found that Plaintiff was "generally unpersuasive in appearance and demeanor while testifying at the hearing" (Tr. 15). It is proper for the ALJ to consider the claimant's appearance and demeanor at the hearing. *See Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985). The ALJ also noted that Plaintiff had an unimpressive earnings record due to unemployment, underemployment, and unreported income. *See* 20 C.F.R. § 1529(c)(3) ("information about [the claimant's] prior work record" may be considered in evaluating claims of pain). When the ALJ gives at least three reasons for discrediting a plaintiff's subjective complaints of pain, a court may find that the ALJ properly discredited the subjective pain testimony. *See Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989).

9

The Court's review of the record has revealed substantial evidence supporting the ALJ's assessment of Plaintiff's credibility. The medical evidence does not support Plaintiff's claim of disabling pain, and there are numerous inconsistencies between the evidence and Plaintiff's testimony. The ALJ also properly based his finding on Plaintiff's appearance, demeanor, and work record.

**B. The ALJ's Development of the Record**

Plaintiff claims that the ALJ inadequately developed the record by failing to order a consultative psychological evaluation. Plaintiff argues that such an evaluation was needed in light of his suicide attempt and use of antidepressants. "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Accordingly, the ALJ must probe into all relevant facts, even when the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Pursuant to 20 C.F.R. § 404.1519a(a)(1), "[t]he decision to purchase a consultative examination for you will be made after [the Commissioner has] given full consideration to whether the additional information needed . . . is readily available from the records of your medical sources. . . . Before purchasing a consultative examination, [the Commissioner] will consider not only existing medical reports, but also the disability interview form containing your allegations as well as other pertinent evidence in your file." "In fulfilling his duty to conduct a full and fair inquiry, the [ALJ] is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the [ALJ] to render a decision." *Ford v. Sec'y of Health and Human Servs.*, 659 F.2d 66, 69 (11th Cir. 1981); *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988).

The ALJ determined that Plaintiff's depression was not a severe impairment because he had no limitations in activities of daily living; social functioning; concentration, persistence, or pace; and no episodes of decompensation of extended duration (Tr. 11). This conclusion was supported by substantial evidence in the record before the ALJ. In particular, although Plaintiff attempted suicide by overdosing on prescription medication on December 29, 2008, he was discharged from the hospital after one day and did not follow up with a mental health professional (Tr. 41-42, 285-86). On January 14, 2009, Dr. Eason did not find Plaintiff to be suicidal (Tr. 361). On April 29, 2009, Dr. Eason noted that Plaintiff's Celexa prescription continued to address his mental health issues effectively (Tr. 356). This evidence was adequate to support the conclusion that Plaintiff's depression was not a severe impairment. Accordingly, the ALJ was able to make an informed decision without a consultative examination. *See Robinson v. Astrue*, 365 Fed. Appx. 993, 999 (11th Cir. 2010) (finding no error where plaintiff did not show prejudice from ALJ's failure to request additional consultative examination or to recontact treating physicians).[4]

## C. Dr. Eason's Statement Regarding Plaintiff's Ability to Work

Plaintiff argues that the ALJ failed to follow the treating physician rule by ignoring Dr. Eason's statement regarding Plaintiff's ability to work. It is well established in the Eleventh Circuit that, generally, substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is "good cause" to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Eleventh Circuit has

---

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

11

concluded that "good cause" exists when a treating physician's opinion is: (1) not bolstered by the evidence; (2) contrary to the evidence; or (3) conclusory or inconsistent with the treating physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

The ALJ stated in his decision that "[n]o physician has said that [Plaintiff] is disabled" (Tr. 15). Plaintiff directs the Court to Dr. Eason's statement on September 2, 2008, which was two days after Plaintiff's jet ski accident: "[Q]uite frankly with the amount of pain that [Plaintiff] is having and with his recent foot fractures, [he] is incapable of work at this time" (Tr. 230). Plaintiff argues that Dr. Eason's statement was entitled to substantial weight, but Plaintiff does not explicitly argue that being "incapable of work at this time" necessarily equates to being disabled.

As Defendant points out, "[a] statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." 20 C.F.R. § 404.1527(e)(1). The regulation provides that the Commissioner, not a medical source, is responsible for determining whether a claimant is disabled. Furthermore, Dr. Eason did not opine as to the duration of Plaintiff's inability to work. A disabling impairment must have a duration of twelve months or be expected to result in death. 20 C.F.R. § 404.1509. Finally, Dr. Eason's statement was based in part on the injury Plaintiff suffered in his jet ski accident. That accident occurred approximately nine months after Plaintiff's onset date and approximately three months after Plaintiff completed a written questionnaire indicating that he could not perform most activities of daily living (Tr. 150, 160-62, 251-55). Dr. Eason made his statement approximately one month after noting that Plaintiff was "working with a ratchet or wrench" (Tr. 232).

If Dr. Eason's statement is assumed to be a declaration of Plaintiff's disability, the Court concludes in light of all of the circumstances that the statement was not bolstered by the evidence. The statement was insufficiently specific and was partially based on evidence inconsistent with Plaintiff's claim of disability. The ALJ therefore had good cause not to give the statement substantial weight, and he did not violate the treating physician rule.

**D. The ALJ's Consideration of Plaintiff's Impairments in Combination**

Plaintiff's last argument is that the ALJ failed to consider the combination of his impairments. Plaintiff does not cite any specific evidence that the ALJ failed to consider. Instead, Plaintiff contends that the ALJ insufficiently considered his pain, fatigue, sleep apnea, hypertension, depression, and obesity.

"An ALJ must consider the combined effects of a claimant's impairments in determining whether [he] is disabled and make specific and well-articulated findings as to the effect of the impairments and whether, when combined, they cause the claimant to be disabled." *Maffia v. Commissioner of Social Security*, 291 Fed. Appx. 261, 263 (11th Cir. 2008). In this case, the ALJ specifically found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment (Tr. 12). This statement alone indicated that the ALJ performed the required analysis. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (ALJ's statement that claimant did not have impairment or combination of impairments meeting a listed impairment was sufficient to show that ALJ considered combined effect of impairments).

However, the ALJ also explained that he considered Plaintiff's obesity as to "its effect upon [Plaintiff] and how it contributes to the severity of his symptoms" (Tr. 10). The

ALJ found no evidence of significant interference with Plaintiff's ability to work or to perform activities of daily living (Tr. 10-11), and Plaintiff does not direct the Court to any evidence that the ALJ failed to consider. The ALJ's decision made references to all of the impairments on which Plaintiff bases his claim. As Plaintiff has not shown that the ALJ neglected to take any relevant evidence into account, Plaintiff's argument fails.

## V. Conclusion

Upon due consideration, the undersigned finds that the decision of the Commissioner was made according to the proper legal standards and supported by substantial evidence. Thus, the undersigned respectfully **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The undersigned further recommends that each party bear its own fees and costs, and the Clerk of the Court be directed to enter judgment consistent with this Report and Recommendation.

**DONE AND ORDERED** at Jacksonville, Florida this __23$^d$__ day of May, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Timothy J. Corrigan
All counsel of record